[Civ. No. 9816. First Appellate District, Division Two.—May 24, 1935.]

L. GREENE, Respondent, v. F. J. VARGAS, Appellant.

John J. Jones for Appellant.

John H. Machado and A. Andreuccetti for Respondent.

NOURSE, P. J.—On November 1, 1927, respondent's assignor and appellant entered into an agreement whereby the former was to buy a one-third interest in the latter's dairy business for $11,500, $2,500 of which was to be paid by May 1, 1928, and the balance was to be paid by dividends from the business as earned. Appellant was to do all buying, collecting money, and paying bills, and was to pay respondent's assignor a monthly salary as manager. If respondent's assignor failed to live up to the contract or was not satisfactory as a manager he was to forfeit all his interest and payments made from dividends, but all money paid on account of the purchase from his private money was to be refunded. He paid $2,502.75 from his private funds on account of said contract. A part of this sum came from wages paid him by appellant; but he received no dividends at any time. In September, 1933, when appellant had failed for six months to pay his wages, respondent's assignor left the business and this action is to collect both the salary due and the $2,502.75 so paid. The cause was tried without a jury and plaintiff had judgment.

Appellant argues that since the books, the milk permit, etc., were in the name of Vargas Bros. & Quadros, and since respondent's assignor joined with appellant in executing a lease, he was, in fact, a partner in the business. These

items are some evidence on the issue whether a partnership in fact existed. Appellant does not contend that there is no evidence supporting the finding that no partnership existed and such contention could not be made on this record.

Appellant next brings up the point that respondent's assignor did not pay the $2,500 which he agreed to pay by May 1, 1928. The undisputed evidence shows that the sum was fully paid within the terms of the contract, and that all payments were accepted and retained by appellant without protest as to date of payment.

When respondent's assignor left the business, it was in debt $15,000. Appellant therefore contends there should be an accounting, basing his claim on the alleged partnership relation of respondent's assignor which the trial court found against; and, with the finding that there was no partnership, there is no basis for an accounting.

The contract is plain and unambiguous; it was prepared in full by appellant; and it was executed only after his repeated solicitation. On the face of the contract it is plain that the parties did not intend that there should be a partnership until the full price was paid. It is equally clear that they intended a refund to respondent's assignor, in case of abandonment, of the moneys paid from his private funds. The judgment simply enforces the obligations which the parties assumed on the well accepted principle that, when the parties have openly and fairly entered into a contract which is free from ambiguity, the courts will not write a new contract for them.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.