[No. D008821. Fourth Dist., Div. One. Jan. 31, 1990.]

CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, Plaintiff and Respondent, v.
IVAN A. WOOD, as Executor, etc., Defendant and Appellant.

COUNSEL

Steven M. Boudreau, W. Lee Hill and Schall, Boudreau & Gore for Defendant and Appellant.

Dee H. Stasnopolis and Mercer & Zinder for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—Defendant Ivan A. Wood, executor of the estate of Ellen Douglas Whelan (Estate), appeals the summary judgment entered in favor of plaintiff California Insurance Guarantee Association (CIGA), the successor to Cal-Farm Insurance Company (Cal-Farm). The judgment declared Cal-Farm was not obligated to indemnify and/or defend the wrongful termination action filed against the Estate by Reyes and Maria Gonzalez. We affirm.

I

Reyes Gonzalez worked as a ranch hand at the Whelan Ranch in Oceanside from 1970 until he was discharged in 1985. Following his termination he and his wife sued his former employer for damages based on contract and tort theories.

During Reyes's employment the Estate was covered by two Cal-Farm general comprehensive insurance policies: the Farm and Ranch Master-Pak policy and the Agri-Pak Farmowners policy.[1] CIGA filed this declaratory

---

[1] The Farm and Ranch Master-Pak policy provides the insured with liability coverage for "ultimate net loss in excess of the applicable underlying limit which the insured shall become legally obligated to pay as damages because of [¶] 1. personal injury, or [¶] 2. property damage to which this insurance applies."

Subparagraph (a) excludes insurance coverage for ". . . personal injury or property damage arising out of any act committed by or at the direction of the insured with intent to cause personal injury or property damage, . . ." Subparagraph (b) excludes insurance coverage for "personal injury or property damage arising out of business pursuits of the insured or property at or from which a business or profession is conducted by the insured; . . . ." Subparagraph (d) excludes insurance coverage for ". . . any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; . . ."

An "occurrence" under the Farm and Ranch Master-Pak policy is defined in paragraph 8 as "an accident, including injurious exposure to conditions, which results, while this policy is in force, in personal injury or property damage which is neither expected nor intended from the standpoint of the insured."

The Agri-Pak Farmowners policy provides liability coverage for any "occurrence" under the policy. "Occurrence" is defined in part as "an accident, or a continuous or repeated expo-

relief action to determine whether the policies required Cal-Farm to defend and/or indemnify the Whelan Estate in the Gonzalez lawsuit.

Wood's argument that Cal-Farm must defend the Estate in the wrongful termination action rests solely on Maria Gonzalez's cause of action for negligent infliction of emotional distress. Maria alleges she is entitled to damages because she witnessed her husband suffer severe emotional distress upon receipt of the December 1984 and May 1985 termination letters; she was a direct victim of the defendant's acts because her husband's termination directly affected her future security, including the loss of present and future income and loss of her home of 15 years; and it was foreseeable defendant's acts would cause her serious emotional distress.

## II

The Estate argues Cal-Farm is obligated to defend because Maria Gonzalez has stated a valid cause of action for negligent infliction of emotional distress. In effect the Estate says Maria's allegations of negligent infliction of emotional distress are sufficient to withstand a general demurrer. This argument, however, is misdirected. The validity of Maria's cause of action is a different issue than the question of Cal-Farm's duty to defend. While we seriously question the sufficiency of Maria's cause of action in light of *Marlene F.* v. *Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583 [257 Cal.Rptr. 98, 770 P.2d 278] and *Thing* v. *La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814], this is not the issue before us. ▮ Our task is to determine whether the facts alleged at the outset of the Gonzalez lawsuit required Cal-Farm to defend pursuant to the terms of its policies.

▮ Although insurers and insureds routinely speak of the insurer's duty to "indemnify and defend" as if the duties were coextensive, it is well settled that the duty to defend is broader than the duty to indemnify. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 274 [54 Cal.Rptr. 104, 419 P.2d 168]; *CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 605 [222 Cal.Rptr. 276].) "We look to the nature and kind of risk covered by the policy as a limitation upon the duty to defend; . . ." (*Gray* v. *Zurich Insurance Co., supra*, 65 Cal.2d at p. 275.) "[T]he insurer is

---

sure to conditions which result in damages during the policy period provided the cause is accidental. All damages arising out of such exposure due to substantially the same conditions, shall be considered as arising out of one occurrence. . . ."

Paragraph (c) of the Agri-Pak policy excludes claims applicable to "[b]odily injury or to sickness, disease or death of (1) any employee of the Insured while engaged in the employment of the Insured, . . ."

not required to defend an action against the insured when the complaint in that action shows on its face that the injury complained of is not only not covered by, but is excluded from, the policy." (*Remmer v. Glen Falls Indem. Co.* (1956) 140 Cal.App.2d 84, 90 [295 P.2d 19, 57 A.L.R.2d 1379].) However, the insurer must defend a suit which *potentially* seeks damages within the coverage of the policy. (*Ibid.*) "Indeed, the duty to defend is so broad that as long as the complaint contains language creating the potential of liability under an insurance policy, the insurer must defend an action against its insured even though it has independent knowledge of facts not in the pleadings that establish that the claim is *not* covered." (*CNA Casualty of California v. Seaboard Surety Co., supra*, 176 Cal.App.3d at p. 606.)

Thus, notwithstanding the doubtful validity of Maria's cause of action, Cal-Farm must defend if the policies' terms require it to do so. ■ Where there is coverage an insurer must defend even though the insured may ultimately prove the case to be legally meritless. (See *Jackson TP., etc. v. Hartford Acc. & Indem.* (1982) 186 N.J.Super. 156 [451 A.2d 990, 992].) To conclude otherwise would not only frustrate the insured's reasonable expectation that the insurer will defend, but also create a peculiar form of coverage restricted to only those cases which the insurer decides are brought on meritorious legal and factual grounds. To permit the insurer to determine its duty to defend in this manner would hardly give the insured the peace of mind and security which the insured has every right to expect. Accordingly, the issue here is not whether Maria will ultimately prevail on her complaint, but whether Cal-Farm had a duty to defend under the policies issued to the Estate. In making this determination we look to the language of the policies.

### III

■ An insurer can exclude coverage by language which is conspicuous, plain and clear. (*Ponder v. Blue Cross of Southern California* (1983) 145 Cal.App.3d 709, 721 [193 Cal.Rptr. 632].) Where the insurer does so in unambiguous terms the insured has no rights under the contract.

■ The uncontradicted facts here demonstrate that the cause of action for negligent infliction of emotional distress comes within the literal language of the exclusion set forth in subparagraph (b) of the Farm and Ranch Master-Pak policy pertaining to personal injuries "arising out of the business pursuits of the insured."[2] Specifically, the December 1, 1984, letter to Reyes Gonzalez states that he is being terminated due to "continuing operating losses primarily as a result of excessive labor costs." The May 3, 1985,

---

[2]See footnote 1, *ante*, pages 946-947.

letter declares that Reyes's "temporary work position will be eliminated and there is no other permanent work available." Clearly these allegations relate to personal injuries "arising out of the business pursuits of the insured." Maria appears to recognize the nexus between her husband's employment and her injuries. She specifically alleges she is the "direct victim" of the defendant's acts in terminating her husband. Maria's allegations of how she sustained her emotional distress bring her squarely within the policy's unambiguous and plainly stated exclusion. In these circumstances Cal-Farm was not obligated to either defend or indemnify the Estate in the Gonzalez lawsuit. The court's ruling was correct.

### DISPOSITION

Judgment affirmed.

Huffman, J., and Froehlich, J., concurred.