Filed 8/24/21  Lat v. Farmers New World Life Ins. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MARTY LAT et al., | B305755 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC528211) |
| v. | |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Kantor & Kantor, Glenn R. Kantor and Alan E. Kassan for Plaintiffs and Appellants.

Hinshaw & Culbertson, Royal F. Oakes and Michael A. S. Newman, for Defendant and Respondent.

_____

Marty Lat and Mikel Lat are beneficiaries of a life insurance policy Farmers New World Life Insurance Company (Farmers) issued to Marta Carada. After Carada's death, Farmers refused to pay the policy benefits to the Lats on the ground that the policy had lapsed before Carada died. The Lats sued Farmers for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and the negligence of its agent. The trial court granted Farmers' motion for summary judgment on the ground that the policy had lapsed.

We reversed in a published decision. (*Lat v. Farmers New World Life Ins. Co.* (2018) 29 Cal.App.5th 191 (*Lat*).) Farmers thereafter paid the Lats the amount due them under the policy and moved for summary judgment. The Lats voluntarily dismissed the third cause of action for negligence. The court determined that the breach of contract action was rendered moot by Farmers' payment and that summary adjudication of the cause of action for breach of the implied covenant of good faith and fair dealing was proper.[1] Accordingly, the court granted the summary judgment motion and entered judgment for Farmers. The Lats appealed. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

In 1993, Carada purchased a life insurance policy (the policy) from Farmers. The policy established an "accumulation account" to which Carada's premium payments and interest

---

[1] The Lats do not assert any argument with respect to the breach of contract cause of action and have therefore abandoned or waived any issue concerning that ruling. (See *Wurzl v. Holloway* (1996) 46 Cal.App.4th 1740, 1754, fn. 1.)

were added and from which the monthly costs of insurance and other amounts were deducted. If the accumulation account was reduced below the amount needed to cover the next month's deductions, a 61-day grace period would begin within which Carada could pay the premium needed to cover the deduction. If the grace period expired before Farmers received the necessary premium payment, the policy would terminate and could not be reinstated.

The policy included a "Waiver of Deduction Rider" (the rider), which provided that if Farmers "receive[d] proof that [Carada was] totally disabled," Farmers would "waive the monthly deductions due after the start of and during [Carada's] continued total disability." According to the rider, Farmers must receive written notice of Carada's disability during her disability or as soon as reasonably possible. The rider further provided that the "monthly deduction must be paid until the claim is approved," and that the "rider will end when," among other events, "the policy ends."

In August 2012, Carada was diagnosed with stage four colon cancer. Farmers does not dispute the Lats' allegation that her illness and treatment rendered her totally disabled for purposes of the rider.

On May 20, 2013, Farmers sent a letter to Carada advising her that the "premium payments received to date are insufficient to pay for the insurance coverage provided under the policy." Farmers warned Carada that the policy was "in danger of lapsing" and stated that if Farmers did not receive a payment by the end of the grace period—July 20, 2013—the policy would "lapse and all coverage will terminate." Farmers sent a similarly worded letter to Carada on June 19, 2013.

3

On July 23, 2013, Farmers sent Carada a letter stating that the policy's "grace period has expired" and that the coverage under the policy was "no longer in force."

In August 2013, Carada contacted the insurance agent who had sold her the policy and advised him of her illness. The agent informed Carada that her coverage had lapsed and could not be reinstated.

Carada died on September 23, 2013.

The Lats thereafter contacted Farmers to inquire about the policy's death benefits. Farmers informed them that Carada's policy had lapsed.

In November 2013, the Lats sued Farmers and its agent. The Lats filed the operative second amended complaint in February 2016, alleging causes of action against Farmers for breach of contract, breach of the implied covenant of good faith and fair dealing, and vicarious liability for the alleged negligence of its agent.

In December 2016, Farmers moved for summary judgment on the ground that the policy had lapsed. In opposing the motion, the Lats contended that the benefit to Carada provided by the rider—specifically, Farmers' waiver of deductions while she is disabled—is governed by California's notice prejudice rule. Under that rule, the Lats argued, Farmers could not deprive Carada of that benefit merely because Carada's notice of her disability was untimely; Farmers was required to show that it had been prejudiced by the delay, and it failed to make such a showing.

Although Farmers acknowledged the notice provision in the rider and conceded that California courts apply the notice prejudice rule to notice provisions in insurance policies, it

4

argued that the rider's notice provision "plays no role in this case [because] Farmers did not deny the claim because of failure to abide by that provision. Rather, Farmers denied the claim because the [p]olicy—together with the . . . [r]ider— had both ended when the grace period ended without payment of premium." (Italics and boldface omitted.) Under Farmers' view of the rider, proof of the insured's disability acted "as a substitute premium" and, "[a]s with any other method for satisfying premium, timely 'payment' is essential, and late payment results in lapse." Such a lapse, Farmers reasoned, is not subject to the notice prejudice rule.

The trial court granted Farmers' motion for summary judgment. The court explained that "the policy provides that it will lapse upon [the] expiration of [a] 61-day grace period following [a] delinquency in premium payments. The [r]ider provides that it ends when the policy ends. In this case, it is undisputed that [Carada] did not make her premium payments within the 61-day grace period, and that she did not make a disability claim or offer proof of her disability until after the grace period elapsed. Consequently, the policy lapsed, and so too did the [r]ider." The court rejected the Lats' reliance on the notice prejudice rule because that rule "cannot expand the scope of coverage . . . under the policy."

We reversed. (See *Lat*, *supra*, 29 Cal.App.5th at p. 202.) "Under a straightforward application of the notice prejudice rule," we explained, "Farmers could not deny Carada the benefit of the deduction waiver unless Farmers suffered actual prejudice from the delayed notice. Farmers has made no such showing and, therefore, Carada was entitled to the deduction waiver benefit. If Farmers had provided that benefit, Carada's

5

policy would have been in force at the time of her death. Indeed, the only reason Farmers terminated Carada's policy was that it applied the deductions it had promised Carada it would waive. [¶] The fact that Farmers was unaware of Carada's disability when it declared the policy had lapsed explains *why* it declared the policy lapsed—indeed, Farmers appears to have been entirely innocent in making that determination—but once it learned of Carada's disability and, therefore, her entitlement to the deduction waiver, Farmers' continued refusal to honor its contractual obligations to Carada and her beneficiaries precludes summary judgment in its favor. When, as here, the insurance company discovers facts showing that its declaration of lapse should not have been made, the declaration of lapse is ineffective and the policy's terms may be enforced." (*Lat*, *supra*, 29 Cal.App.5th at p. 197.)

After our remittitur issued, Farmers paid the sums due under the policy to the Lats.

In July 2019, Farmers filed a motion for summary judgment. Farmers argued that the Lats could not establish a cause of action for breach of contract because Farmers had paid them the amount due under the policy. As to the second cause of action for tortious breach of the implied covenant of good faith and fair dealing, Farmers argued that its initial refusal to pay policy benefits was, as a matter of law, not unreasonable.[2]

In February 2020, the court granted Farmers' motion, stating that "Farmers has met its burden, based on the

---

[2] Farmers also sought summary adjudication of the Lats' third cause of action for vicarious liability for negligence of its agent. Prior to the hearing on the motion, the Lats dismissed that cause of action.

undisputed facts, that there was a genuine disagreement between the parties regarding the applicability of the notice prejudice rule based on California law at the time the claim was denied. In other words, as a matter of law, there was a reasonable dispute between the parties as to whether the notice prejudice rule applied to the circumstances." The court further explained that "prior to the appellate decision in *Lat*, reasonable minds could have differed on whether the notice prejudice rule applied to the lapsed insurance policy under California law. Thus, there was a 'genuine issue' as to Farmers' liability under California law."

After the court entered judgment in Farmers' favor, the Lats appealed.

## DISCUSSION

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

Although the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law amenable to summary judgment where the evidence is undisputed and only one reasonable inference can be drawn from the evidence. (*Morris v. Paul Revere Life Ins. Co.* (2003) 109 Cal.App.4th 966, 977; *Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co.* (2001) 90 Cal.App.4th 335, 347 (*Chateau Chamberay*).)

"Every contract imposes on each party an implied duty of good faith and fair dealing." (*Chateau Chamberay, supra,* 90 Cal.App.4th at p. 345.) In the insurance context, the

7

"implied covenant of good faith and fair dealing exists to assure prompt payment of claims made by the insured." (*Gourley v. State Farm Mut. Auto. Ins. Co.* (1991) 53 Cal.3d 121, 127.) An insurer's breach of the implied covenant may support an action in tort, as well as contract. (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 400; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 684.)

The test of whether an insurer's refusal to pay policy benefits constitutes a tortious breach of the covenant of good faith and fair dealing—that is, bad faith—is whether the refusal was unreasonable or without proper cause. (*Mosley v. Pacific Specialty Ins. Co.* (2020) 49 Cal.App.5th 417, 435−436 (*Mosley*); *Dalrymple v. United Services Auto. Assn.* (1995) 40 Cal.App.4th 497, 519−520 (*Dalrymple*); *Opsal v. United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197, 1205 (*Opsal*).) "[T]he reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made." (*Chateau Chamberay*, *supra*, 90 Cal.App.4th at p. 347.)

An insurer's refusal to pay benefits under a policy is reasonable if the refusal is based on a legitimate dispute or a genuine issue as to the insurer's liability under the policy and the law. (*Dalrymple*, *supra*, 40 Cal.App.4th 497, 520; *Opsal*, *supra*, 2 Cal.App.4th at p. 1205.) A legitimate dispute or genuine issue may exist when, at the time of the insurer's decision to deny benefits, there was "no clear, controlling California law" on the issue (*Mosley*, *supra*, 49 Cal.App.5th at p. 436), where law on the issue is "still developing," or there exists "uncertainties in controlling case law" (*Dalrymple*, *supra*, 40 Cal.App.4th at p. 523).

8

Here, at the time Farmers made its decision to deny the Lats the benefits of Carada's policy, there was no clear, controlling California law on the dispositive issues—whether the notice prejudice rule applied to notice of an insured's disability for purposes of a deduction or premium waiver and, if so, whether the waiver is applied after the insurer has declared a lapse in the policy.

The absence of controlling law is evident in our prior opinion. Although we stated that "[u]nder a straightforward application of the notice prejudice rule, Farmers could not deny Carada the benefit of the deduction waiver unless Farmers suffered actual prejudice from the delayed notice" (*Lat*, *supra*, 29 Cal.App.5th at p. 197), we relied entirely on "analogous" federal cases. (*Id.* at pp. 197–199 [citing *Carrington Estate Planning v. Reliance Standard* (9th Cir. 2002) 289 F.3d 644; *Ward v. Management Analysis Co.* (9th Cir. 1998) 135 F.3d 1276, affirmed in part and reversed in part on other grounds *sub nom. UNUM Life Ins. Co. of America v. Ward* (1999) 526 U.S. 358; and *Doe v. Life Ins. Co. of North America (LINA)* (N.D.Cal. 2010) 737 F.Supp.2d 1033 (*Doe*)].) Although these authorities provided apt support for our conclusion, they are not binding on California courts and Farmers could legitimately contend, as it did, that they were either distinguishable or should not be followed. (See *Lat, supra*, 29 Cal.App.5th at p. 199.)

Farmers also presented nonfrivolous arguments, supported by California authorities, for its view of the notice prejudice rule. (See *Lat*, *supra*, 29 Cal.App.5th at pp. 200–201 [discussing *Slater v. Lawyers' Mutual Ins. Co.* (1991) 227 Cal.App.3d 1415, *Pacific Employers Ins. Co. v. Superior Court*

9

(1990) 221 Cal.App.3d 1348, and *Industrial Indemnity v. Superior Court* (1990) 224 Cal.App.3d 828].) We distinguished these authorities on the ground that they were concerned with claims made and reported policies, whereas the rider to Carada's policy was "analogous to occurrence-based policies, to which the notice prejudice rule has been applied." (*Lat, supra,* 29 Cal.App.5th at p. 200.) The rider, we explained, "provides a benefit—Farmers' waiver of deductions—for an act—Carada's disability—that arises during the policy period even though the claim for the waiver of deductions is made after the [r]ider and the policy have expired. Applying the notice prejudice rule in this instance would not, therefore, transform a claims made and reported policy into an occurrence policy or, as in *Slater,* effectively rewrite the contract between the parties." (*Ibid.*) Although the distinction we drew follows from the rationale of *Slater* and the other cases Farmers relied on, there was no prior California decision directly addressing their inapplicability to the kind of provision in the Carada policy rider; we relied again on the Ninth Circuit's decision in *Carrington.* (*Lat, supra,* 29 Cal.App.5th at pp. 200−201.)

Farmers also relied on *Venoco, Inc. v. Gulf Underwriters Ins. Co.* (2009) 175 Cal.App.4th 750, which addressed the application of the notice prejudice rule "to a policy that provides 'special coverage for a particular type of claim [that] is conditioned on express compliance with a reporting requirement.'" (*Lat, supra,* 29 Cal.App.5th at p. 201.) We rejected Farmers' reliance on *Venoco* on the ground that *Venoco* provided a narrow exception to the notice prejudice rule that did not apply to the instant case. Until we distinguished

10

*Venoco*, however, no California court had limited it or given it any negative treatment.

Even if California law was clear as to the application of the notice prejudice rule to premium or deduction waivers generally, there was no California case addressing Farmers' additional argument that the deduction waiver could not be invoked after the policy had lapsed due to nonpayment. According to Farmers, once the grace period for payment had expired, the policy and the rider terminated and could not be revived or reinstated by the late notice of disability. Farmers supported the argument with language from the policy and rider. In particular, the policy provided that it will terminate if the "grace period ends before [Farmers] receive[s] the necessary premium payment," and the rider stated that Carada's "monthly deduction must be paid until the [disability waiver] claim is approved," and the rider "will end when" "the policy ends." We rejected Farmers' argument by characterizing the purported termination of the policy as Farmers' "declaration of lapse," and explained that an insurer's declaration of lapse, even if "entirely innocent," will be ineffective when, as here, it discovered "facts showing that its declaration of lapse should not have been made." (*Lat*, *supra*, 29 Cal.App.5th at p. 197.) For this point, we cited a single federal district court decision, *Doe*, *supra*, 737 F.Supp.2d at pp. 1042−1043, as an example of a case where an insured was entitled to coverage under a disability policy even though he gave notice of his disability after the insurer cancelled its policy. (*Lat*, *supra*, 29 Cal.App.5th at p. 197.) Although we rejected Farmers' argument, its reliance on the policy's text and the absence of controlling California law

11

establish that its position, though erroneous, was nevertheless not unreasonable.

In short, the issues we addressed in *Lat* were issues of first impression under California law.  We decided the issues by applying the reasoning of analogous federal cases and, although we distinguished or rejected Farmers' purported California authorities, Farmers' arguments addressed legitimate disputes and genuine issues.  Thus, its denial of policy benefits prior to the resolution of those disputes in *Lat* did not constitute bad faith as a matter of law.  Farmers was therefore entitled to summary judgment.

## DISPOSITION

The judgment is affirmed.  Farmers is awarded its costs on appeal.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, P. J.

We concur:



BENDIX, J.



CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13