Michael SHAW, Plaintiff,

and

Fred L. Arthur, Plaintiff–Appellant,

v.

CITY OF SACRAMENTO; Sacramento Police Department; Joseph Serna; Arturo Venegas, Jr., Chief, Defendants–Appellees.

No. 99–16859.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Filed May 10, 2001.

Amended June 29, 2001.

Leo F. Donahue, Gold River, California, for the plaintiff-appellant.

Thomas A. Cregger, Barry & Randolph, Sacramento, California, for the defendants-appellees.

Before: SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

## OPINION

RICHARD C. TALLMAN, Circuit Judge:

Deputy Chief of Police Fred Arthur (ret.) appeals the district court's judgment following a jury special verdict in an age and race discrimination action he brought against his former employer, the City of Sacramento ("City"). The jury found discrimination in violation of the California Fair Employment and Housing Act

(FEHA), Cal. Gov't.Code § 12965, but found also that any recovery was barred because Chief Arthur had voluntarily released all claims against the City in his employment agreement ("Agreement").

Arthur contends that the district court 1) erred in using a jury instruction which stated, as a matter of law, that the Agreement clearly and unambiguously released all his claims against the City, and 2) should have granted his request for attorneys' fees. We affirm.

## I. Facts and Prior Proceedings

Arthur was hired by the Sacramento Police Department ("S.P.D.") in 1963 and was promoted to Deputy Chief in 1989. In August 1993, Police Chief Arturo Venegas offered that if Chief Arthur elected to end his thirty-year career of public service the City would pay his salary for the rest of the year, but that he had to sign a retirement contract. When Arthur asked to see the contract, the City prepared the Agreement for his review.

Arthur reviewed the Agreement with an attorney employed by the Sacramento Police Officers Association ("SPOA"). Arthur and the SPOA attorney crossed out a portion of the Agreement which purported to waive his right to sue the City regarding his separation from service. He returned the revised version of the Agreement to the City with a note indicating that "my attorney said I'd be crazy to give up my right to suit. I have no intention of doing so, but things could happen or information could come to my attention in the future."

The City provided Arthur a second version of the Agreement, which contained the same objectionable language and which he again rejected. Later the City provided another revised Agreement which contained the following provision:

> . . . Chief Arthur hereby agrees to waive and release all claims against the City

arising from or related to his employment and departure from employment with the City, whether known, unknown, contingent, liquidated or non-liquidated
. . .

Arthur believed the revised Agreement did not prohibit his right to sue the City for civil rights violations and/or defamation. Without checking with his attorney, he signed the Agreement, thereby resigning from the S.P.D. before he was eligible to receive maximum retirement benefits.

Arthur sued the City, alleging employment discrimination on the basis of race and age in violation of FEHA, violation of his rights to free speech under the United States and California Constitutions, and defamation. He also requested injunctive relief against retaliation. The case was removed to federal district court. Prior to trial Arthur abandoned his claim for injunctive relief. His free speech claims under the California Constitution were dismissed on summary judgment.

At trial, the City relied on the defense that Arthur had waived his right to sue by signing the Agreement. Jury Instruction No. 16 explained that in order to prevail on this defense, the City must prove 1) that the release clearly and unambiguously waived Arthur's claims against the City and 2) that the release was voluntary, deliberate, and informed. The instruction also stated: "The court has found, as a matter of law, that the defendant has proved the first element of its defense by a preponderance of the evidence."

The jury returned a special verdict which found that Chief Arthur had been discriminated against in violation of FEHA, but that the City had proven its

defense of waiver and release by a preponderance of the evidence. The district court denied Arthur's subsequent motion for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e–5(g)(2)(B).

## II. The Jury Instruction

■ The district court adopted Jury Instruction No. 16, which stated that as a matter of law the Agreement clearly and unambiguously released all of Arthur's legal claims against the City. Arthur contends that the district court erred as a matter of law because the Agreement was ambiguous and the City created the ambiguities. Jury instructions are reviewed for an abuse of discretion and will be reversed only if the error is not harmless. *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir.1997).

■ Because Arthur did not object to Jury Instruction No. 16 in the district court, however, he has waived his right to appellate review. Fed.R.Civ.P. 51; *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir.1999).

■ Even if he had preserved his right to appeal he still would not prevail. Under California law, the language of a written contract governs its interpretation so long at it is clear and explicit. *Indus. Indem. v. Superior Court*, 224 Cal.App.3d 828, 275 Cal.Rptr. 218, 219 (Cal.Ct.App. 1990). Extrinsic evidence is not permitted to add to or detract from the terms of a contract. *Pac. Gas & Elec. Co. v. Drayage Co.*, 69 Cal.2d 33, 69 Cal.Rptr. 561, 565, 442 P.2d 641 (Cal.1968). If a district court looks only to the four corners of a contract in interpreting it, then our review is de novo. *Hayes v. Palm Seedlings Partners (In re Agric. Res. & Tech. Group, Inc.),* 916 F.2d 528, 538 (9th Cir.1990).

■ The City contends that the appropriate standard of review is abuse of discretion because the district court, along with the jury, heard a great deal of testimony regarding the circumstances under which the Agreement was executed. This evidence was introduced at trial because the jury was required to decide whether or not the release constituted a voluntary, deliberate, and informed waiver. The jury found the release to be valid, and Arthur has not appealed the jury's verdict.[1]

Nothing in the record indicates that the district court considered extrinsic evidence in deciding that the release language of the Agreement was clear and unambiguous. *See id.* In fact, Jury Instruction No. 16 characterizes the district court's decision as "a matter of law." We review it de novo and affirm on the ground that the release language *is* clear and unambiguous. California courts have not hesitated to uphold similar waivers. *See Skrbina v. Fleming Companies, Inc.*, 45 Cal.App.4th 1353, 53 Cal.Rptr.2d 481, 490–91 (Cal.Ct. App.1996) (general release of employment law claims included claims arising under FEHA).

## III. Attorneys' Fees

■ We review the district court's decision to deny a request for attorneys' fees

---

1. To do so successfully he would have to show that the jury verdict was not supported by substantial evidence. *Landes Constr. Co., Inc.* *v. Royal Bank of Canada*, 833 F.2d 1365, 1370–71 (9th Cir.1987).

for abuse of discretion. *Saman,* 173 F.3d at 1157. Chief Arthur contends that he is entitled to an award of attorneys' fees under 42 U.S.C. § 2000e–5(g)(2)(B), which provides that when an individual proves a violation under 42 U.S.C. § 2000e–2(m) (Title VII) and the defense proves that it would have taken the same action in the absence of a discriminatory motive, the court *may* award attorneys' fees and costs directly attributable to the Title VII claim.

■■■■■■ Section 2000e–5(g)(2)(B) does not apply because Arthur never stated a claim under Title VII in his complaint, nor did he prove a Title VII claim at trial. While cases interpreting federal discrimination law are helpful in interpreting parallel state laws,[2] California courts have yet to decide whether § 2000e–5(g)(2)(B) applies to a FEHA cause of action. Arthur did not state a Title VII claim in this lawsuit and he cannot now expect to collect attorneys' fees' under § 2000e–5(g)(2)(B).

■■■■■■ Even if § 2000e–5(b)(2)(B) applies to FEHA actions, it does not apply to this case. Section 2000e–5(b)(2)(B) addresses the "mixed motive" defense. It may be invoked when a defendant who has committed a Title VII violation is able to show that it would have taken the same action even in the absence of an impermissible motivating factor. Here, the City employed an express waiver defense. The City never contended that, absent any illegal discrimination, it still would have encouraged Chief Arthur to retire for permissible reasons. Instead, the City produced an Agreement between itself and Arthur and the jury found that the Agreement released Arthur's claims against the City. The mixed motive defense does not apply here and neither does § 2000e–5(b)(2)(B).[3]

■■■■■■ Moreover, as the district court observed, Arthur cannot recover his fees because he is not a prevailing party under the fee provision of FEHA, California Government Code § 12965(b). The Supreme Court has held that to qualify as a "prevailing party" for purposes of attorneys' fees a plaintiff "must obtain an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A party "prevails" when he wins actual relief on the merits which has the effect of altering the legal relationship between the parties in a way that is beneficial to the plaintiff. *Id.* at 111–12, 113 S.Ct. 566.

Judgment was entered in this case for the City. Chief Arthur argues that by finding that he was subject to unlawful discrimination, the jury verdict altered his relationship with the City to that of harasser/harassee and that his future employment opportunities are enhanced because "his name has been cleared" and "his reputation restored." Although Chief Arthur may benefit indirectly from the jury verdict, the jury concluded that he could collect nothing from the City and judgment was entered against him. "[T]he ... moral satisfaction [that] results from any favorable statement of law" does not bring

---

**2.** *See Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 271 (9th Cir.1996) ("California relies on federal discrimination decisions to interpret the FEHA.").

**3.** *See, e.g., Norris v. Sysco Corp.,* 191 F.3d 1043, 1050 (9th Cir.1999) (holding that 42 U.S.C. § 2000e–5(g)(2)(B) applies to mixed motive cases).

with it the status of a prevailing party. *Hewitt v. Helms,* 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987).

We are persuaded by the reasoning of the Second Circuit in *Bonner v. Guccione,* 178 F.3d 581 (2d Cir.1999). The *Bonner* court held that an employee did not qualify as a prevailing party on her Title VII claim where the jury found employer liability but failed to award any damages. *Id.* at 593–94. In *Bonner,* no damages were awarded because the jury found that the employee's claim was barred by the statute of limitation. *Id.* at 583. Similarly, Arthur recovered nothing because the jury found that his claim was barred by a validly-executed waiver of his right to sue. Like the employee in *Bonner,* Arthur cannot qualify as a prevailing party because he did not obtain an enforceable judgment against his employer. *See id.* at 594. The district court did not err in denying his request for attorneys' fees under § 2000e–5(g)(2)(B).

Finally, Chief Arthur argues that he is eligible to receive attorneys' fees under California's private attorney general statute. *See* Cal.Civ.Proc.Code § 1021.5. Section 1021.5 authorizes the discretionary award of fees to a "successful party" in the enforcement of an important right if a significant benefit has been conferred on the public. Not only does Arthur fail to qualify as a "successful" party,[4] but California courts have held that fees under section 1021.5 are not available in a FEHA cause of action. *See, e.g., Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 74 Cal. Rptr.2d 510, 536–37 (Cal.Ct.App.1998); *Flannery v. California Highway Patrol,* 61 Cal.App.4th 629, 71 Cal.Rptr.2d 632, 635–36 (Cal.Ct.App.1998).

4.  *See, e.g., Leiserson v. City of San Diego,* 202 Cal.App.3d 725, 249 Cal.Rptr. 28, 32–34 (Cal.

The judgment of the district court is affirmed. The parties shall bear their own costs on appeal.

AFFIRMED.