**Michael L. SPENCER, Plaintiff–Appellant,**

**v.**

**Pamela J. SPENCER, Defendant–Appellee.**

Michael L. Spencer, Plaintiff–Appellee,

v.

Pamela J. Spencer, Defendant–Appellant.

Nos. 00–36059, 01–35230.

D.C. Nos. CV–00–03044–JE, CV–00–03044–ALA.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2002.*

Decided Nov. 26, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Before REAVLEY,** KOZINSKI, and W. FLETCHER, Circuit Judges.

### MEMORANDUM***

We review summary judgment dismissal de novo. *See Weiser v. United States,* 959 F.2d 146, 147 (9th Cir.1992). Our review is not limited to the ground upon which the district court decided; we may affirm the district court on any ground supported by the record. *Id.* The standard of review of a denial of attorney's fees is abuse of discretion. *See Shaw v. City of Sacramento,* 250 F.3d 1289, 1293–94 (9th Cir.2001).

Section 1681b(f) of the FCRA provides that "[a] person shall not use or obtain a consumer report for any purpose unless ... the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished [under Section 1681b]." 15 U.S.C. § 1681b(f). Section 1681b(a)(2) allows a consumer reporting agency to furnish a consumer report "[i]n accordance with the written instructions of the consumer to whom it relates." A consumer report is "any ... communication ... bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living...." 15 U.S.C. § 1681a(d)(1). A consumer report relates to a consumer if one of these seven characteristics of the consumer is documented in the report. *See* 12 C.F.R. Pt. 600, App. § 603(4)(A); *see also F.T.C. v. Manager, Retail Credit Co., Miami Beach Branch Office,* 515 F.2d 988, 989 (D.C.Cir.1975) (determining Section 1681b(a)(2) allows a credit reporting agency to issue a report "by permission of consumers whose credit ratings are documented in the reports sought").

■ We do not reach the question whether Mr. Spencer's action is time-barred, because Mrs. Spencer did not violate 15 U.S.C. § 1681b(f) by obtaining the parties' joint credit report. The joint credit report documented the credit history of Mrs. Spencer. The information contained within the report regarding Mr. Spencer's credit history related to the credit worthiness, credit standing, and credit capacity of Mrs. Spencer, as well as to the parties' ability to discharge their parental duties under Oregon law. *See* Or.Rev.Stat. § 108.040 (providing Oregon spouses are jointly liable for the expenses of the family). Mrs. Spencer was entitled to obtain the joint credit report, and the use of that information did not violate 15 U.S.C. § 1681b(f).

---

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

Mr. Spencer contends that this interpretation will allow any person with any potential use for the information contained within a credit report to obtain and use the report without violating the FCRA. We disagree. The report must contain information that relates to the consumer who receives it; thus, if the report does not document an individual's credit rating and credit history, that individual may not obtain the report pursuant to 15 U.S.C. § 1681b(a)(2).

Although it seems highly likely on the record that Mr. Spencer initiated suit in bad faith and to harass his ex-wife, this probability does not rise to the level of unreasonableness required to reverse the lower court's denial of attorney's fees under an abuse of discretion standard. Mr. Spencer submitted an affidavit to the court averring that he initiated suit based on his belief that Mrs. Spencer committed a legal wrong against him. The magistrate's determination that the record was insufficient to conclusively establish Mr. Spencer's motivations was not an abuse of discretion.

Both orders appealed from the district court are AFFIRMED.