Robert RODRIGUEZ, Plaintiff—Appellant,

v.

HOME DEPOT USA, INC., Defendant—Appellee.

No. 04–56046.

D.C. No. CV–02–00617–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided April 12, 2006.

Mark Dee Potter, San Diego, CA, Plaintiff–Appellant.

Gregory F. Hurley, Esq., Costa Mesa, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, BRIGHT * and PREGERSON, Circuit Judges.

## MEMORANDUM **

Plaintiff–Appellant Robert Rodriguez appeals the district court's award of damages and attorney's fees under the California Unruh Civil Rights Act. Specifically, Rodriguez contends that the district court erred when it failed to award statutory damages for each incident of discrimination, and that the district court improperly reduced his attorney's fees award. We have jurisdiction under 28 U.S.C. § 1291. We hold that Rodriguez waived his right of review of the statutory damages claim because at trial he failed to object to the district court's jury instruction on damages. We likewise decline to disturb the attorney's fees award. The facts are known to the parties and we do not recite them here.

■ It is clear from the record that Rodriguez and the district court disagreed on the proper method for computing dam-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

ages under the Unruh Civil Rights Act, section 52(a) of the California Civil Code. Yet Rodriguez did not propose a jury instruction that would have awarded minimum statutory damages per incident. Nor did he object to the district court's jury instructions on damages. Rodriguez waived his right of review by failing to object. *Affordable Hous. Dev. Corps v. City of Fresno,* 433 F.3d 1182, 1196 (9th Cir.2006) (holding that failure to object to jury instruction waives the right of review); *see also Sanghvi v. City of Claremont,* 328 F.3d 532, 541 (9th Cir.2003) (same); *Shaw v. City of Sacramento,* 250 F.3d 1289, 1293 (9th Cir.2001) (same).

■ We review attorney's fees awards for an abuse of discretion. *See Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1011 (9th Cir.2004). We will not reverse unless we have a definite and firm conviction that the court below committed a clear error of judgment. *See SEC v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001). The district court's eleven-page attorney's fees order provides us with a carefully reasoned, conscientious analysis. We do not have a definite and firm conviction that the district court made an error in judgment when it reduced the attorney's fees award.

Accordingly, the judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.