SECURITIES AND EXCHANGE COMMISSION, Plaintiff— Appellee,

v.

James E. FRANKLIN, individually and as trustee of Avalon Trust, Defendant–Appellant,

and

Samuel Wolanyk, Defendant.

No. 06–55357.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2007 [*].

Filed Jan. 30, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas A. Zaccaro, Esq., Securities and Exchange Commission, Los Angeles, CA, Kenneth J. Guido, Jr., Esq., Michael L. Post, Esq., Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

James E. Franklin, San Diego, CA, pro se.

Gregory M. Garrison, Esq., Garrison & McInnis, San Diego, CA, for Defendant.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM**

The Securities and Exchange Commission ("SEC") brought this civil action, al-

** This disposition is not appropriate for publication and is not precedent except as provid-

leging that James Franklin engaged with others in an unlawful "pump and dump" scheme by publishing an internet newsletter that fraudulently touted stocks he owned and then selling the stocks at inflated prices. After a jury's verdict, the district court enjoined him from committing future violations and imposed a fine. On appeal, he challenges (1) various evidentiary rulings, (2) a jury instruction, and (3) the denial of his motion for judgment as a matter of law. We affirm.

## DISCUSSION

### 1. Evidentiary Rulings

We review the trial court's evidentiary rulings for an abuse of discretion and we will reverse only if the error was prejudicial because it "more probably than not tainted the verdict." *Engquist v. Oregon Dept. of Agriculture,* 478 F.3d 985, 1008–09 (9th Cir.2007). We conclude there was no abuse of discretion, and accordingly, no prejudicial error.

■ The trial court properly admitted summary exhibits as allowed by Federal Rule of Evidence 1006. *See Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1516 (9th Cir.1985) (noting "[t]he purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury"). There was no error in allowing the preparer of the exhibits to testify because no expert opinions or conclusions were offered. *See Goldberg v. United States,* 789 F.2d 1341, 1343 (9th Cir.1986). Finally, Franklin argues the summaries were incomplete or misleading, but the record indicates he was permitted to cross-exam the witness and to argue to the jury what inferences should be drawn from the evidence.

ed by 9th Cir. R. 36–3.

■ The district court admitted evidence of alleged wrongdoing not charged in the complaint. Such evidence is admissible when it is "inextricably intertwined" with a defendant's scheme to defraud. *See United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir.2004). Moreover, there was no surprise to Franklin because the SEC disclosed the evidence on its exhibit list over eighteen months prior to trial and moved for its admission two months before trial. Finally, Franklin's statute of limitations argument is not relevant because the jury did not find that he committed any securities violations in regard to the additional evidence.

■ The district court permitted a co-defendant to testify after he was granted immunity from criminal persecution. Franklin complains the court's decision, made during the trial, was unfair because he was not given advance notice of the immunity deal and he had no pretrial discovery from his co-defendant. The co-defendant, however, was always listed as a potential SEC witness. Moreover, the court postponed the trial to permit Franklin to take the co-defendant's deposition and to prepare for cross-examination.

■ The district court permitted the SEC to introduce phone records indicating Franklin communicated with a particular investment company, contemporaneous with certain stock transactions. The SEC did so to rebut Franklin's claim that he never initiated transactions from that account. Franklin objected to the admission of the records because the SEC failed to disclose them in pretrial discovery. Such disclosure is mandated, however, only for evidence a party "may use to support its claims or defenses, *unless the use would be solely for impeachment."* Fed.R.Civ.P. 26(a)(1)(A)(ii) (emphasis added).

## 2. *Jury Instruction*

■ Franklin contends some of his securities transactions were exempt from federal regulation. The trial court accordingly instructed the jury that Franklin "bears the burden of proving by a preponderance of the evidence that an exemption from registration applies." Franklin argues the district court erred by submitting the issue to the jury because it is a question of law that should have been decided by the court. Franklin never objected, however, to the jury instruction and thus has waived his right of appellate review. *See Shaw v. City of Sacramento,* 250 F.3d 1289, 1293 (9th Cir.2001). Moreover, Franklin does not argue there is insufficient evidence to support the jury's determination. *See McClaran v. Plastic Indus., Inc.,* 97 F.3d 347, 362 n. 15 (9th Cir.1996) (noting a party's failure to object to a jury instruction does not preclude review on the grounds of insufficient evidence).

## 3. *Judgment as a Matter of Law*

■ The district court denied Franklin's motion for judgment as a matter of law, rejecting his contention that his internet newsletter was a "bona fide publication of general and regular circulation" exempt from securities regulation. Franklin relies on *Lowe v. SEC,* 472 U.S. 181, 105 S.Ct. 2557, 86 L.Ed.2d 130 (1985), but that case is factually distinguishable. As the Court noted, "[t]here was no evidence that Lowe's criminal convictions were related to the publications; no evidence that Lowe had engaged in any trading activity in any securities that were the subject of advice or comment in the publications; and no contention that any of the information published in the advisory services had been false or materially misleading." *Id.* at 185–86, 105 S.Ct. 2557 (internal footnote omitted). Franklin's reliance on *SEC v. Wall Street Publishing Institute,* 664 F.Supp. 554 (D.D.C.1986), is also misplaced because that decision was reversed on appeal. *See SEC v. Wall Street Publishing Institute,* 851 F.2d 365, 366 (D.C.Cir.1988).

The issue is controlled by our decision in *Zweig v. Hearst Corp.,* 594 F.2d 1261 (9th Cir.1979). There, a financial columnist was charged with writing articles for the purpose of elevating the price of stock in companies in which he had invested. *Id.* at 1262. We upheld the charge because "the federal securities laws, in guarding the public from abuses, strictly circumscribe the opportunities of persons holding certain positions to profit from their positions." *Id.* at 1271. Specifically, the law prohibits "the activities of one who uses a column as part of a scheme to manipulate the market and deceive the investing public." *Id.*

**AFFIRMED.**