FILED

NOT FOR PUBLICATION

JUL 29 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNIFER LANE,

        Plaintiff - Appellee,

  v.

GRANT COUNTY, a Washington
municipal corporation,

        Defendant - Appellant.

No. 13-35954

D.C. No. 2:11-cv-00309-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 6, 2015
Seattle, Washington

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

    Jennifer Lane was awarded back pay, liquidated damages, attorney's fees,

and costs after a jury found that her employer, Grant County, Washington (the

"County") violated her rights under the Family and Medical Leave Act ("FMLA")

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

when it refused to restore her to the same or similar position after she returned from FMLA leave. 29 U.S.C. § 2614. The County appeals the district court's denial of summary judgment upon reconsideration to the County on the employment restoration claim, the district court's denial of its motion for a new trial or to amend judgment based upon improper jury instructions, and the award of liquidated damages, front pay, costs and fees. We affirm.

"[W]e may not review a denial of summary judgment after a jury has decided the case." Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1506 (9th Cir. 1995) (citing Lum v. City & Cty. of Honolulu, 963 F.2d 1167, 1169–70 (9th Cir. 1992) (denying review of denial of summary judgment after a jury verdict for the moving party), and Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1358–59 (9th Cir. 1987) (denying review of denial of summary judgment after a jury verdict against the moving party)). Therefore, we do not consider the denial of summary judgment after reconsideration.

We review a district court's decision concerning a motion for a new trial and the district court's formulation of civil jury instructions for an abuse of discretion. McClaran v. Plastic Indus., Inc., 97 F.3d 347, 354 (9th Cir. 1996). We also review

a district court's refusal to amend or alter a judgment for an abuse of discretion. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991).

It was not an abuse of discretion for the district court to remove Jury Instruction 2.3 about the FMLA key employee defense, 29 U.S.C. § 2614(b). The County expressly consented to the elimination of Instruction 2.3 and therefore waived the right to appellate review of that decision. Fed. R. Civ. P. 51; Shaw v. City of Sacramento, 250 F.3d 1289, 1293 (9th Cir. 2001). Comments such as "I don't think any of the Key Employee issues should be offered in this trial," "the whole Key Employee thing . . . let's get it out" and "I think we can eliminate 2.3," amount to what the court would reasonably understand to be a knowing and deliberate choice by the County not to so instruct the jury.

We review the award of front pay and liquidated damages under the FMLA for an abuse of discretion, and review for clear error the factual findings related to the front pay award. Traxler v. Multnomah Cty., 596 F.3d 1007, 1014 n.4 (9th Cir. 2010). "The FMLA is unambiguous that once it is determined that an employer violated the statute, liquidated damages will be awarded." Id. at 1016. A prevailing plaintiff is entitled to liquidated damages unless the employer can prove

3

that it acted in "good faith" and had "reasonable grounds for believing that [its action] was not a violation" of the FMLA.  Id. at 1015 (alteration in original) (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)).

The district court did not abuse its discretion by awarding liquidated damages and front pay.  The County did not prove that it acted in good faith and had reasonable grounds for believing that failing to restore Lane to any position at the County after her FMLA leave was not a violation of the FMLA.  The County did not comply with 29 C.F.R. § 825.219 when the County decided not to restore Lane.  The County's failure to "explain the basis" for its assertion of  "substantial and grievous economic injury" in its letter, as subsection (b) requires, makes it ineligible for the key employee defense.  Without the defense, it was not reasonable to decline to restore Lane to a comparable position.

The County's argument against attorney's fees and costs cites only "the erroneous jury verdict" as a reason to deny Lane this award.  "We give deference to a jury verdict, reviewing all evidence on appeal of those claims in the light most favorable to the verdict."  Lassiter v. City of Bremerton, 556 F.3d 1049, 1053 (9th Cir. 2009).  The court did not abuse its discretion in omitting Instruction 2.3, and

4

we do not find the jury's verdict otherwise erroneous.  We therefore also decline to disturb the district court's corresponding award of fees and costs.

**AFFIRMED.**