**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED

OCT 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE CHUCK OLSEN CO., INC., a California corporation,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>F.P.D., INC., a California corporation; JOSEPH BALCOM,<br><br>　　　　Defendants-Appellees. | No.　16-55220<br><br>D.C. No.<br>2:13-cv-05062-DMG-E<br><br><br>MEMORANDUM[*] |
| THE CHUCK OLSEN CO., INC., a California corporation,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>F.P.D., INC., a California corporation,<br><br>　　　　Defendant-Appellant,<br><br>　and<br><br>JOSEPH BALCOM,<br><br>　　　　Defendant. | No.　16-55234<br><br>D.C. No.<br>2:13-cv-05062-DMG-E |

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 5, 2017[**]
Pasadena, California

Before:  GRABER, MURGUIA, and CHRISTEN, Circuit Judges.

The Chuck Olsen Co., Inc. ("Olsen") appeals the district court's order denying its motion for attorneys' fees. F.P.D., Inc. ("F.P.D.") cross-appeals the district court's grant of Olsen's motion for prejudgment interest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's ruling in its entirety.

I.

We review the district court's decision to deny attorneys' fees and, specifically, its determination of which (if any) party was the "prevailing party," for an abuse of discretion. *Shaw v. City of Sacramento*, 250 F.3d 1289, 1293–94 (9th Cir. 2001); *United States ex rel. Palmer Constr. Inc. v. Cal State Elec. Inc.*, 940 F.2d 1260, 1261 (9th Cir. 1991).

The district court properly denied Olsen's request for attorneys' fees. Although Olsen was successful in obtaining a judgment against F.P.D., "prevailing

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

party" status for purposes of an attorneys' fee award under California Civil Code § 1717 is measured by "compar[ing] the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings . . . and similar sources." *Hsu v. Abbara*, 891 P.2d 804, 813 (Cal. 1995). Despite Olsen's arguments to the contrary, the district court did not err in its "prevailing party" analysis by refusing to consider those invoices that were not part of Olsen's claim, as articulated in the complaint, or by failing to consider the dismissal of F.P.D.'s tort counterclaims. *See id.* at 811; *see also Santisas v. Goodin*, 951 P.2d 399, 409 (Cal. 1998) ("If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims."). Here, Olsen succeeded in obtaining only a portion of its claimed damages. It was well within the district court's discretion to decline Olsen prevailing party status in such circumstances. *See Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002).

II.

We review the district court's decision to award prejudgment interest and the rate of interest for abuse of discretion. *See Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225–26 (9th Cir. 2002).

F.P.D. argues that the district court abused its discretion by granting Olsen's request for prejudgment interest at the rate provided for on Olsen's invoices—

3

1.5% per month (18% per year). F.P.D. specifically argues that (1) the district court's reliance on the invoice was an insufficient basis to award prejudgment interest because there was no evidence presented that supported a "meeting of the minds" on the interest provision, and (2) the award of an 18% interest is so unreasonable that it constitutes an abuse of discretion. Those arguments, however, were never presented to the district court and are therefore waived. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

**AFFIRMED.**